



## MEMORANDUM OPINION

No. 04-10-00767-CR

Nicanor Zamora **HERNANDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Menard County, Texas
Trial Court No. 2009-02164
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Rebecca Simmons, Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  August 31, 2011

AFFIRMED

Nicanor Zamora Hernandez was convicted of aggravated assault.  Hernandez appeals the trial court's judgment, contending the evidence is legally insufficient to support the jury's verdict because of a variance between the proof at trial and the allegations in the indictment.  We affirm the judgment.

## BACKGROUND

Nicanor Hernandez III (A/K/A "Little Nick") was involved in an argument with Jimmy Dale Light at the apartment complex where Light resided. After arguing for a short period of time, Little Nick left the complex but returned forty-five minutes later with Hernandez, his father (A/K/A "Big Nick"). While Light was talking to Hernandez, Little Nick punched Light in the face, and he was knocked to the ground. Light and his girlfriend testified that while Light was on the ground Hernandez put his hands on Light preventing him from getting up as Little Nick kicked him. The indictment in this case states in relevant part that:

> NICANOR ZAMORA HERNANDEZ, ON OR ABOUT THE 30TH DAY OF JULY, 2009, . . . DID THEN AND THERE . . . intentionally, knowingly, or recklessly cause serious bodily injury to JIMMY DALE LIGHT by holding JIMMY DALE LIGHT down while NICANOR HERNANDEZ III kicked JIMMY DALE LIGHT in the face with his foot . . . ."

The indictment was later amended by inserting "AKA Big Nick" immediately after the defendant's name, and "AKA Little Nick" immediately after NICANOR HERNANDEZ III.

After both sides closed, the jury was charged that it could return a verdict of guilty if it found beyond a reasonable doubt that Hernandez "acting alone or as a party as that term has been previously defined intentionally, knowingly, or recklessly cause[d] serious bodily injury to JIMMY DALE LIGHT by holding JIMMY DALE LIGHT down while NICANOR HERNANDEZ III. [sic] AKA "LITTLE NICK" kicked JIMMY DALE LIGHT in the face . . . ." The jury returned a general verdict of guilty.

## DISCUSSION

Hernandez agrees the evidence demonstrates that Little Nick kicked Light in the face while Light lay on the ground, and that Hernandez "put his hands on Mr. Light to prevent him from getting up just before Little Nick kicked Light in the face." Also, Hernandez does not

dispute that Light suffered serious bodily injury resulting from the attack. His only contention is that the State was required to prove the allegations in the indictment—that Hernandez caused Light serious bodily injury by holding him down. Hernandez argues the State was "bound by the indictment to prove" that Light's "serious bodily injury was caused by appellant holding down Mr. Light, and because aggravated assault is a results-oriented [sic] offense, the State must also prove that appellant had a specific intent to cause serious bodily injury by holding Mr. Light down." Hernandez contends there is a fatal variance between the indictment and the proof because his holding Light down did not cause serious bodily injury. He argues the indictment as drawn cannot support a conviction based on the law of parties. However, Hernandez misperceives Texas law on parties.

The State is not required to plead that a person acted as a party to the offense in the indictment in order to authorize a conviction on that theory. *Marable v. State*, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002). A person is a party if, "acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011). The jury was properly charged on that theory, and was authorized to return a verdict of guilty if the jury found beyond a reasonable doubt Hernandez was a party to the assault committed by Little Nick.

The evidence demonstrates that before the assault, Light had a verbal confrontation with Little Nick. Little Nick left, but returned to re-initiate the matter, telling Light "come on m*** f***. I got my dad here now." Light testified that while he was talking to Hernandez, Little Nick hit him in the head and he fell to the ground. Light attempted to get up, but Hernandez held him down. Little Nick then kicked him in the head and Light testified he was "knocked out" for a "second or two." Betty Henderson, a nurse practitioner, testified that Light suffered multiple

bone fractures around his nose and eyes, including two fractures to his cheek bone and a fracture of the "lateral wall left orbit." Henderson testified the injuries constituted serious bodily injury.

Tracy Baker testified she witnessed the altercation and saw Hernandez hold Light on the ground while Little Nick kicked Light. Hernandez was holding Light by the shoulders, but released his hold once Little Nick kicked Light in the head. Based on the evidence, a rational jury could find beyond a reasonable doubt that Little Nick caused serious bodily injury to Light, and Hernandez was a party to that offense.

## CONCLUSION

There is no variance between the indictment and the proof because the trial court correctly authorized the jury to convict Hernandez based on the law of parties. There was sufficient evidence to support the jury's verdict on that theory. The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH